ORIGINAL

RECEIPT NUMBER
520 325

21

Exh. A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTOINE BANKHEAD,

Plaintiff,

v

CITY OF DETROIT, a municipal corporation, City of Detroit Police Officers James Wieneck, John Doe 1 and John Doe 2, Individually and in their official capacities, Jointly and Severally,

Defendants

JUDGE : Roberts, Victoria A.
DECK : S. Division Civil Deck
DATE : 01/25/2005 @ 16:10:46
CASE NUMBER : 2:05CV70268
REM ANTOINE BANKHEAD V DETROT ET AL (DH)

Magistrate

MAGISTRATE JUDGE KOMIVES

State Court Case No. 04-437945 NO

State Judge Edward M. Thomas

---

PAUL M. HUGHES (P36421)
Attorney for Plaintiff
65 Cadillac Square, Suite 2915
Detroit, Michigan 48226
(313) 964-6465

BARRIE L. MERKERSON (P41904)
Attorney for Defendant City
660 Woodward Avenue, Suite 1650
Detroit, Michigan 48226
(313) 237-3044

---

## NOTICE OF REMOVAL OF CIVIL ACTION

Pursuant to 28 U.S.C. §§1441 and 1443(2), Defendant City of Detroit removes this civil action predicated upon the following:

1. On December 13, 2004, Plaintiff commenced this action in the Third Judicial Circuit of Michigan. This action is now pending before that court.
2. On December 15, 2004, Plaintiff served a summons and copy of the complaint upon Defendant City of Detroit.
3. Plaintiff's Complaint alleges he resided in Wayne County, Michigan at all relevant times.
4. This is a civil action in which Plaintiff seeks monetary relief for alleged misconduct by Defendant allegedly arising from a deprivation of certain constitutionally guaranteed rights. Because Plaintiff bases this action in part on the United States

A

STATE OF MICHIGAN
THIRD CIRCUIT COURT

# SUMMONS AND RETURN OF SERVIC

04-437945 NO 12/13/2004
JDG:EDWARD M THOMAS
BANKHEAD ANTOINE
VS
DETROIT CITY OF

COURT ADDRESS: 2 WOODWARD AVENUE, DETROIT, MICHIGAN 48226

COURT TELEPHONE NO. (313) 224- [illegible]

THIS CASE ASSIGNED TO JUDGE: EDWARD M THOMAS

Bar Number: 21071

| PLAINTIFF | DEFENDANT |
|---|---|
| BANKHEAD ANTOINE PL 01 VS | DETROIT CITY OF [illegible] |

1650 First National Bldg.
Detroit, MI 48226

PLAINTIFF'S ATTORNEY

PAUL [illegible]
[illegible]
65 CADILLAC SQ RM 2715
DETROIT, MI 48226-2880
313 [illegible] 6455

RECEIVED
DEC 15 2004
CITY OF DETROIT
LAW DEPARTMENT

| CASE FILING FEE | | JURY FEE |
|---|---|---|
| PAID | | PAID |
| **ISSUED** | **THIS SUMMONS EXPIRES** | **DEPUTY COUNTY CLERK** |
| 12/13/04 | 03/14/05 | PAMELA [illegible] |

*This summons is invalid unless served on or before its expiration date.

Cathy M. Garrett – Wayne County Clerk

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ______________________________ Court.

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in ______________________________ Court.

The docket number and assigned judge of the civil/domestic relations action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

The action ☐ remains ☐ is no longer pending.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

12/13/04
Date

Signature of attorney/plaintiff

SEAL OF THE CIRCUIT COURT OF WAYNE COUNTY MICHIGAN

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**

If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangement.

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

Antoine Bankhead,

Plaintiff,

-vs-

04-437945 NO 12/13/2004
JDG:EDWARD M THOMAS
BANKHEAD ANTOINE
VS
DETROIT CITY OF

City of Detroit,
a municipal corporation,
City of Detroit Police Officers,
James Wiencek and John Doe 1, John Doe 2,
Individually, and in their official capacities,

Jointly and Severally,

Defendants.

PAUL M. HUGHES, P 36421
Attorney for Plaintiff
65 Cadillac Square, Suite 2915
Detroit, MI 48226
(313) 964-6465

**COMPLAINT and JURY DEMAND**

**COMMON ALLEGATIONS**

**NOW COMES** Plaintiff **Antoine Bankhead**, by and through his attorney, **Paul M. Hughes**, and for his complaint states as follows:

1. Plaintiff, Antoine Bankhead, is a resident of the City of Detroit, State of Michigan.

2. Defendant City of Detroit is a municipal corporation located in the County of Wayne which operates among other

things, a police department in the City of Detroit, State of Michigan.

3. Defendants James Wiencek and John Does at all times relevant to this complaint were agents and/or employees of the Defendant City of Detroit.

4. At all times relevant herein, all individually named Defendants were acting within the scope of their employment, under their authority as police officers and under color of law.

5. The amount in controversy exceeds Twenty Five Thousand ($25,000.00) Dollars.

6. Defendant City of Detroit is liable under federal law for all injuries proximately caused by:

A. Intentional, willful and wanton, reckless, deliberately indifferent, grossly negligent and/or negligent acts and/or omissions committed pursuant to customs, policies, usage and/or practices which deprive citizens of their rights, privileges and/or immunities secured by the Constitutions and laws of the United States and/or of the State of Michigan, including but not limited to:

i. Defendant's directions, policies, practices and/or customs from which the employees' and/or agents' acts or omissions were foreseeable;

ii. conduct by such employees and/or agents in which Defendant acquiesced, explicitly or implicitly;

iii. conduct which resulted from the failure to train or oversee the training of such employees and/or agents;

iv. conduct of such employees and/or agents which supervisory personnel could foresee because the previous behavior of such employees and/or agents created the

potential for such acts or omissions and which were not corrected; and/or

v. acts of such employees and/or agents which were caused by or permitted in violation of a statutory duty.

7. The events out of which this cause of action arose occurred from May 5 through May 18, 2004, in the City of Detroit, State of Michigan.

8. The factual predicate of the individual Defendants' liability is as follows:

a. the on or about April 13, 2004 a sexual assault was committed upon two minor girls by two men in the City of Detroit.

b. that one of the men was known to one of the victims and he was subsequently arrested however the second man was unknown to the victim(s).

c. that an arrest warrant was issued against the Plaintiff for allegedly being the other man involved in the sexual assault upon the minors which led to his arrest on May 5, 2004 and which resulted in his imprisonment until May 18, 2004 when he was released at the preliminary exam when the victim indicated that he was not the perpetrator.

d. that upon information and belief, the basis for the issuance of the warrant against the Plaintiff was from information learned from the first individual that had been arrested for the assault upon the minors and nothing more.

e. that the police officers receiving this information had no idea about whether the information was credible and had no history of receiving reliable information from the individual giving the information and did not seek corroboration of the information.

f. that the warrant was issued despite the fact that the Plaintiff in no way fit the description of the perpetrator given by the victims of the crime and this

discrepancy was known or should have been known by the officers seeking the warrant.

g. that the Plaintiff was not put in a line up before or after the issuance of the warrant so that the victim could identify or not identify him as the perpetrator of the crime against her.

h. that had the Plaintiff been put in a line up the victim would not have identified him as being the perpetrator of the crime against her and he would not have had to endure 13 days in the Wayne County jail.

i. that material statements contained in the warrant request used to obtain the warrant and to effect the arrest of the Plaintiff was false and or were made with a reckless disregard for the truth.

j. that material statements contained in the warrant request used to obtain the warrant and to effect the arrest of the Plaintiff could have been determined as being false had they not been accepted by the officers in question with a reckless disregard for the truth.

## COUNT I

## FALSE ARREST-FALSE IMPRISONMENT INDIVIDUAL POLICE OFFICER DEFENDANTS

Plaintiff hereby realleges and incorporates by reference all of the paragraphs and counts above as if fully set forth herein word for word.

9. Defendant individual Police Officers, while at all times relevant herein acting within the scope of their employment for Defendant City of Detroit and under color of law as police officers, intentionally compelled the Plaintiff to be unlawfully restrained, under pretense that he had violated the law; said acts constituting false arrest and false imprisonment.

10. In making said false arrest and false imprisonment, Defendants caused the Plaintiff to be incarcerated for a period of 13 days in the Wayne County Jail.

11. That the information used to support the warrant under which the Plaintiff was arrested was based on false information, that the police officers obtaining the warrant knew or should have known was false, but was put forth anyway either intentionally or with a reckless disregard for the truth.

12. That the Defendant police officers, while acting within the scope of their employment, knowingly and intentionally falsely arrested and imprisoned Plaintiff without probable cause to believe that Plaintiff had violated the law and knowing that the information obtained to get a warrant was from an unreliable source, indeed an inherently unreliable source, and had not been corroborated in any manner so as to determine if there was probable cause for the arrest of the Plaintiff.

12. That the Defendant police officers, while acting within the scope of their employment, were grossly negligent in not putting the Plaintiff in a line up to be viewed by the victims of the assault before they arrested the Plaintiff and that said failure to put him in a line up was a proximate cause of the Plaintiff being wrongfully arrested and wrongfully imprisoned for 13 days.

13. As a direct and proximate result of Defendants aforementioned wrongful conduct, Plaintiff suffered serious and permanent injuries, loss of wages, loss of enjoyment of life, humiliation, degradation and emotional injuries, all past, present and future.

WHEREFORE, Plaintiff seeks Judgment against Defendants, jointly and severally, in whatever amount in excess of Twenty Five Thousand ($25,000.00) Dollars to which Plaintiff is

entitled, which is reasonable, fair and just, plus costs, interest and attorney's fees, together with exemplary and/or punitive damages.

**COUNT II**
**WILLFUL AND WANTON MISCONDUCT, DELIBERATE INDIFFERENCE/GROSS NEGLIGENCE**
**INDIVIDUAL POLICE OFFICER DEFENDANTS**

Plaintiff hereby realleges and incorporates by reference all of the paragraphs and counts above as if fully set forth herein word for word.

14. At all times relevant herein, Defendant individual police officers had the following duties, notwithstanding their standard duty of care:

a. to not use false evidence to obtain a warrant for the Plaintiff's arrest;

b. to not obtain evidence in support of a warrant with a reckless disregard for the truth of the matters being asserted;

c. to not rely on uncorroborated information from a known suspect in a crime especially when that informant had no prior history of providing reliable information.

d. to place the Plaintiff in a line up before or shortly after a warrant had been issued so that the victims of the crime could make, or not make, an identification of the Plaintiff.

e. to make full disclosure to the magistrate considering, including exculpatory information, whether a warrant should be issued, to wit; that the Plaintiff did not match the physical description of the perpetrator given by the victims.

f. other acts and omissions under investigation at this time

15. All of the individual Defendants negligently, grossly negligently, recklessly, willfully, wantonly, maliciously, intentionally, knowingly, and/or deliberately breached one or more of the aforesaid duties by:

a. by using false evidence to obtain a warrant for the Plaintiff's arrest;

b. by obtaining evidence in support of the warrant for the Plaintiff with a reckless disregard for the truth of the matters being asserted;

c. by relying on uncorroborated information from a known suspect in the crime especially when that informant had no prior history of providing reliable information.

d. by failing to place the Plaintiff in a line up before or shortly after a warrant had been issued so that the victims of the crime could make, or not make, an identification of the Plaintiff.

e. by withholding information from the magistrate who signed the warrant for the Plaintiff's arrest, to wit; that the Plaintiff did not match the physical description of the perpetrator given by the victims.

f. other acts and omissions under investigation at this time

16. As a direct and proximate result of the Defendants aforementioned wrongful conduct, Plaintiff suffered serious and permanent injuries to his body and mind, mental anguish, pain and suffering, loss of wages, loss of enjoyment of life, humiliation, degradation, and emotional injuries, all past, present and future.

WHEREFORE, Plaintiff seeks Judgment against the individual Defendants jointly and severally, in whatever amount in excess

of Twenty Five Thousand ($25,000.00) Dollars to which Plaintiff is entitled, which is reasonable, fair and just, plus costs, interest and attorney's fees, together with exemplary and/or punitive damages.

**COUNT III**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**INDIVIDUAL POLICE OFFICER DEFENDANTS**

Plaintiff hereby realleges and incorporates by reference all of the paragraphs and counts above as if fully set forth herein word for word.

17. At all times relevant herein, Defendant police officers, notwithstanding their standard duty of care, owed to Plaintiff, the following duties, (but not limited to the following):

a. to refrain from inflicting intentional emotional distress upon Plaintiff;

b. to refrain from treating Plaintiff, a law-abiding citizen, in an extremely and outrageously abusive manner;

c. to refrain from depriving Plaintiff of his liberty without excuse or justification.

18. Defendants intentionally, willfully, wantonly, and/or recklessly breached one or more of said duties by:

a. intentionally inflicting emotional distress upon Plaintiff by subjecting Plaintiff to being falsely arrested for the reasons herein stated;

b. intentionally depriving Plaintiff of his liberty and restraining his physical movement without excuse or justification.

19. At all times relevant herein, Defendant police officers were acting within the scope of their employment for Defendant

City of Detroit and under color of their authority as law enforcement officers with the Detroit Police Department.

20. As a direct and proximate result of Defendants aforementioned wrongful conduct, Plaintiff suffered serious and permanent injuries to his mind, mental anguish, pain and suffering, loss of wages, loss of enjoyment of life, humiliation, degradation and emotional injuries, all past, present and future.

WHEREFORE, Plaintiff seeks Judgment against the individual Defendants, jointly and severally, in whatever amount in excess of Twenty Five Thousand ($25,000.00) Dollars to which Plaintiff is entitled, which is reasonable, fair and just, plus costs, interest and attorney's fees, together with exemplary and/or punitive damages.

**COUNT IV**
**42 USC §1983**
**INDIVIDUAL POLICE OFFICER DEFENDANTS**

Plaintiff hereby realleges and incorporates by reference all of the paragraphs and counts above as if fully set forth herein word for word.

21. Jurisdiction is based on 28 USC Section 1331.

22. At all times relevant herein, individual defendants, under color of statutes, ordinances, regulations and/or customs of the State of Michigan, City of Detroit, subjected Plaintiff to deprivation of his rights, privileges and immunities secured by the Constitutions and laws of the United States and the State of Michigan.

23. The Civil Rights Act, 42 USC §1983, provides for civil liability for the deprivation of any right, privilege or immunity secured by the Constitution and laws of the United States, while committed under color of law.

24. Defendants are civilly liable to Plaintiff pursuant to 42 USC §1983, because all the above-described deliberate, grossly negligent, reckless, willful, wanton, malicious and/or intentional acts and/or omissions of Defendants, as set forth in Counts I, II, and III, were committed under the color of law and pursuant to the customs, policies and/or practices of Defendant City of Detroit, all of which subjected Plaintiff to deprivation of his rights, privileges and immunities secured by the United States Constitution, Amendments IV and XIV.

25. As a direct and proximate result of the aforementioned wrongful conduct and Constitutional violations, Plaintiff suffered serious and permanent injuries to his body and mind, mental anguish, pain and suffering, loss of wages, loss of enjoyment of life, humiliations, degradation and emotional injuries, all past, present and future.

WHEREFORE, Plaintiff seeks Judgment against the individual Defendants jointly and severally, in whatever amount in excess of Twenty Five Thousand ($25,000.00) Dollars to which Plaintiff is entitled, which is reasonable, fair and just, plus costs, interest and attorney's fees, together with exemplary and/or punitive damages.

**COUNT V**
**42 USC §1983**
**MUNICIPAL/SUPERVISORY LIABILITY**

Plaintiff hereby realleges and incorporates by reference all of the paragraphs and counts above as if fully set forth herein word for word.

26. At all times relevant herein, Defendant City of Detroit, acting through its supervisory officers and officials, by their own customs, policies and/or practices, maintained a written policy that allowed for the arrest of individuals on less than probable cause, and maintained and/or enforced, a policy, custom or practice of seeking warrants based on less than probable, when the employment of such policies, customs or practices would be substantially certain to result in the wrongful arrest and imprisonment of the Plaintiff and others like him, thereby directly and proximately depriving Plaintiff of his right to be free from the use of false arrest, false imprisonment and other unreasonable intrusions against his person without due process of law, in violation of the United States Constitution, Amendments IV and XIV.

27. At all times relevant herein, Defendant City of Detroit, acting through its supervisory officers and officials, by their own customs, policies and/or practices of systematically failing to properly train, evaluate, supervise, investigate, review and/or discipline its police officers, allowed, acquiesced in, and/or encouraged the individual police officer Defendants to

function as police officers and to unlawfully institute process to confront, falsely arrest and imprison, and otherwise violate Plaintiff 's Constitutional rights, thereby directly and proximately depriving Plaintiff of his right to be free from false arrest, false imprisonment and other unreasonable intrusions against his person without due process of law, in violation of the United States Constitution, Amendments IV and XIV.

28. At all times relevant herein, Defendant City of Detroit, acting through its supervisory officials and/or officers, by their own customs, policies and/or practices of systematically failing to enforce its own rules and regulations pertaining to the arrest, custody, detention and prosecution of citizens, including Plaintiff , in violation of all standards of decency and minimum requirements under the law and the Constitution, deprived Plaintiff of his right to be free from false arrest, false imprisonment and other unreasonable intrusions against his person without due process of law, in violation of the United States Constitution, Amendments IV and XIV.

29. Defendant City of Detroit is liable for its intentional, deliberately indifferent, willful, wanton, reckless and/or grossly negligent acts and/or omissions, which constituted customs, policies and/or practices, which resulted in the unlawful, unjustified, wrongful and unconstitutional seizure of Plaintiff 's liberty, person and health, without due process of law, all of which proximately resulted in his injuries.

30. At all times relevant herein, Defendant City of Detroit by its directions, policies, procedures, practices and/or customs, from which the intentional, willful and wanton, reckless, deliberately indifferent, grossly negligent and/or negligent acts and or omissions of the individual officers, who were under its supervision were foreseeable, allowed, acquiesced in and/or encouraged said officers to function as police officers and to unconstitutionally arrest and falsely imprison citizens including Plaintiff thereby proximately causing Plaintiff to be deprived of his liberty, and his freedom from unreasonable intrusions against his person and his right to be free from false arrest, false imprisonment and other unreasonable intrusions against his person without due process of law, in violation of the United States Constitution, Amendments IV and XIV.

31. At all times relevant herein, Defendant City of Detroit by its failure to train, supervise, discipline and/or correct the behavior of the employees and/or agents under its supervision, including but not limited to the individual officers, of which said Defendant City of Detroit knew or should have known, created the potential for the intentional, willful and wanton, reckless, deliberately indifferent, grossly negligent and/or negligent acts and or omissions of said officers, allowed, acquiesced in and/or encouraged said individual Defendants to function as Sheriff Deputies and to unlawfully confront, falsely arrest and falsely imprison citizens including Plaintiff thereby

proximately causing Plaintiff to be deprived of his liberty and of his right to be free from unreasonable intrusions against his person without due process of law, in violation of the United States Constitution, Amendments IV and XIV.

32. At all times relevant herein, Defendant City of Detroit by its violation of statutory duties, allowed and/or encouraged the individual officer Defendants to function as police officers and to unlawfully confront, falsely arrest, and falsely imprison citizens including Plaintiff thereby proximately causing Plaintiff to be deprived of his liberty and of his right to be free from false arrest, false imprisonment and other unreasonable intrusions against his person without due process of law, in violation of the United States Constitution, Amendments IV and XIV.

33. As a direct and proximate result of said Constitutional violations, Plaintiff suffered serious and permanent injuries to his body and mind, mental anguish, pain and suffering, loss of wages, loss of enjoyment of life, humiliation, degradation and emotional injuries, all past, present and future.

WHEREFORE, Plaintiff seeks Judgment against the Defendant, City of Detroit, in whatever amount in excess of Twenty Five Thousand ($25,000.00) Dollars to which Plaintiff is entitled, which is reasonable, fair and just, plus costs, interest and attorney's fees, together with exemplary and/or punitive

damages, reasonable attorney fees and costs, pursuant to 42 USC 1988.

Respectfully submitted,

**LAW OFFICES OF PAUL M. HUGHES**

Paul M. Hughes, P 36421
Attorney for Plaintiff
65 Cadillac Square, Suite 2915
Detroit, MI 48226
(313) 964-6465

Dated: December 13, 2004

**JURY DEMAND**

**NOW COMES** Plaintiff **Antoine Bankhead**, by and through his attorney, **Paul M. Hughes**, who hereby demands a jury trial as to all counts alleged herein.

Respectfully submitted,

**LAW OFFICES OF PAUL M. HUGHES**

Paul M. Hughes, P 36421
Attorney for Plaintiff
65 Cadillac Square, Suite 2915
Detroit, MI 48226
(313) 964-6465

Date: December 13, 2004

11/99 **CIVIL COVER SHEET** COUNTY IN WHICH THIS ACTION AROSE: Wayne

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**I. (a) PLAINTIFFS**

Antoine Bankhead

VICTORIA A. ROBERTS

(b) County of Residence of First Listed: Wayne

26163

(c) Attorneys (Name, Address and Telephone Number)

Paul M. Hughes (P36421)
65 Cadillac Square, Suite 2915
Detroit, MI 48226 (313) 964-6465

**DEFENDANTS** 05-70268

City of Detroit, et al

MAGISTRATE JUDGE KOMIVES

County of Residence of First Listed Wayne

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

Barrie L. Merkerson (P41904)
660 Woodward Ave, Suite 1650
Detroit, MI 48226 (313) 237-3044

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PLA | DEF | | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal of Business In This State | ☐ 4 | ☐ |
| Citizen of Another | ☐ 2 | ☐ 2 | Incorporated *and* Principal of Business In Another State | ☐ 5 | ☐ |
| Citizen or Subject of Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

440

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment and Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel And Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury— Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☒ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21: 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Plaintiff alleges deprivation of civil rights under 42 USC 1983

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 $ DEMAND ______ CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ______ DOCKET NUMBER ______

DATE 1/25/05

SIGNATURE OF ATTORNEY OF RECORD

x Barrie Merkerson /CB

# PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?

☐ Yes
☒ No

If yes, give the following information:

Court: ______________________________

Case No.: ______________________________

Judge: ______________________________

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)

☐ Yes
☒ No

If yes, give the following information:

Court: ______________________________

Case No.: ______________________________

Judge: ______________________________

Notes: